ANTON TEXTOR, trading as J. C. TEXTOR & BROTHER *vs.* WELLINGTON HUTCHINGS, use of EZRA B. WHITMAN.

*Breach of Contract—Composition with Creditors.*

T. made a contract with H. for the purchase of a large number of shooks, to be delivered and paid for in different quantities and at specified intervals between the 1st day of October, 1875, and the last day of February, 1877. On the 26th of April, 1876, T. wrote to H. not to send him any more shooks. HELD :

That this action amounted to a repudiation of the contract, and it entitled the seller to consider it entirely at an end.

Whether it entitled the injured party to an immediate action to recover damages in respect to each and every future delivery stipulated in the contract, *Quaere?*

On the 9th of June, 1876, T. made a composition with certain of his creditors, including H., by which he agreed to pay in cash, to every creditor accepting the agreement, one-fourth of his claim, and to deliver to him two endorsed notes, each for one other fourth; it *being stipulated that said cash and notes should be accepted by* the creditors in full satisfaction of their respective claims. The claim of H., as stated by him, was duly settled according to the terms of the composition, and did not include any damages for the breach of the contract for the shooks. In an action subsequently brought by H. against T. to recover said damages, it was HELD :

That the action was barred by the composition proceedings.

APPEAL from the Court of Common Pleas.

This suit was brought by the appellee against the appellant, to recover damages for a breach of contract. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, ROBINSON, IRVING, and BRYAN, J.

Textor *vs.* Hutchings.

*Emil Budnitz,* and *C. Dodd McFarland,* for the appellant.

*Alex. H. Robinson,* and *Charles Marshall,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

Anton Textor, trading under the style of J. C. Textor and Brother, made a contract in writing with Wellington Hutchings, for the purchase of a large number of shooks. They were to be delivered and paid for in different quantities, and at specified intervals, between the 1st day of October, 1875, and the last of February, 1877. On the twenty-sixth day of April, 1876, Textor wrote to Hutchings not to send him any more shooks. This action amounted to a repudiation of the contract, and it entitled the seller to consider it entirely at an end. Some authorities hold that the injured party might have brought suit immediately, and recovered damages in respect to each and every future delivery stipulated in the contract; while others hold that a suit could have been maintained for refusal to pay for the shooks, only in the instances where the periods had elapsed, which were appointed in the contract for payment of the purchase money. This question has never been determined by this Court, and is not involved in the decision which we are about to make. On the ninth of June, 1876, sometime after the above mentioned default, Textor made a composition with certain of his creditors, including Hutchings. It was agreed that Textor and Brother should pay to every creditor who accepted the agreement one-fourth of his claim in cash, and should deliver to him two notes of Textor and Brother, dated June 9th, 1876, drawn to their own order, and endorsed by Henry Smith, each of said notes being for one-fourth of said creditor's claim; and one of them payable twelve months after date; and the other payable

eighteen months after date; and it was stipulated that said cash and notes should be accepted by the creditors in full satisfaction of their respective claims against Textor and Brother. Hutchings and other creditors of Textor accepted this agreement; and his claim against Textor was stated by him to be four thousand, three hundred and eighty-four dollars and thirty cents; and it was duly settled according to the terms of the composition. The claim stated by Hutchings did not include any damages. for the breach of the contract for the shooks. The principal question in this case is, whether the composition proceedings bar the action for these damages.

The obvious purpose of Textor in proposing a composition with his creditors, was that he might be freed from his liabilities, and begin business anew without embarrassments on account of them. And this purpose is clearly shown by the terms of the agreement which he made with them. This agreement must be construed according to the meaning of the parties. The cash and notes offered by him were to be accepted in full satisfaction of the claims of his creditors. His liability to Hutchings for breach of contract certainly gave the latter a claim against him. It was as distinctly a claim as any other breach of contract would be; and was as aptly described by that designation. It being the intention of the parties to the composition agreement to free Textor from his pecuniary liabilities, we do not see why it did not embrace this liability as well as every other. Assuming, for the sake of the argument, that an action could not be brought on this account at the time of the composition, we could not, for that reason, infer that it was excluded from the settlement. A promissory note which had not reached its maturity would certainly be included; and yet no action could be brought on it. It is true, that as the damages. were nnliquidated, it might be difficult to estimate them; but the parties could deal as effectively with a question of ·

this kind as a jury could. If they could not determine to their mutual satisfaction the amount of damages accruing from the default, the creditor would be fully at liberty to refuse to enter into the composition. It was entirely a matter of agreement on both sides, and the effect of the agreement must be ascertained in the same way as other agreements are construed. We think that the composition embraced the right to recover damages for the breach of the agreement. In *Payler, et al. vs. Homersham,* 4 *Maule & Selwyn,* 423, words much more general than those used in this agreement were construed not to include all the claims against a compounding debtor. But in that case there was in the release a distinct reference to a particular debt, and the Court held that the general words contained in the release might be restrained by the particular recital. The plaintiff averred in pleading that the debt in question was not included, or intended to be included in the release; on demurrer it was held that it was competent for the plaintiff to make such an averment, and his pleading was sustained. The question turned entirely upon the construction to be given to the release; and this case must be decided likewise on the construction of the instrument in question. When the settlement was made, if Hutchings intended to assert any demand against Textor, by reason of this breach, he ought at that time to have made his claim, and insisted upon the proper dividend upon it. He could not withhold it, and bring it forward after settlements had been made with the other creditors.

When compositions of this kind are made, it is the understanding between the creditors joining in them, that the debtor is released from all the debts embraced in them, and that all the creditors stand on a footing of entire equality. No one is allowed to have an advantage over the others. It would be a fraud on the other creditors, if one of them should make a private agreement with the debtor for a greater benefit to himself than the others

received. *Forsyth on Composition with Creditors, m. p.* 104, *et seq.* We do not mean to describe the conduct of the plaintiff by so harsh a term as this; but we clearly see that, if he is allowed to recover a debt which was not presented for settlement at the time the dividends were allotted under the composition deed, he obtains an advantage over the other creditors; and there is a breach of that perfect equality which the law requires. The debtor, too, had a right to believe, when he made the settlement under the composition deed, that he was discharged from all the demands which the creditors, who agreed to the composition, could make against him. We think that it must have been understood on all sides, that his object in making this arrangement was to extinguish his old liabilities, and begin business anew. As the settlement was a bar to this action, it becomes unimportant to consider in detail the other questions discussed in the argument.

> *Judgment reversed, without*
> *awarding a new trial.*

(Decided 14th May, 1884.)·